# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR 16 2020

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:20mj43
)
Southwest Virginia Regional Jail )
Prisoner Property of Ashley S. Burke )
DOB: 11/30/1988 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: Southwest Virginia Regional Jail - Inmate Property - Joe Derting Drive, Abingdon, Virginia 24210.

located in the _____Western_____ District of _____Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:
Any and all electronic cellular devices held in the prisoner property attached to inmate Ashley S. Burke, DOB: 11/30/1988.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☑ evidence of a crime;
  ☐ contraband, fruits of crime, or other items illegally possessed;
  ☐ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 912 | Impersonation of an officer of the United States in furtherance of an overt act using said authority. |

The application is based on these facts:
** See Attachment A**

  ☑ Continued on the attached sheet.
  ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/*
*Applicant's signature*

Matthew Davis, (A) CDUSM
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/16/20

*/s/ Pamela Meade Sargent*
*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

Attachment "A"

Application and Affidavit for Search Warrant

Southwest Virginia Regional Jail – Prisoner Property Ashley Burke

I hereby swear and depose the following:

    Affiant is a Deputy United States Marshal and has been so employed since 2001. In the regular course of his duties, affiant is charged with investigating crimes in violation of the Criminal Code of the United States, as well as fugitive investigations, and in doing so may apply for legal process, to include search warrants, pursuant to the same.

    On March 14, 2020, this deputy received telephonic contact from Deputy Sheriff, Washington County, Seth Sparks in reference to a traffic stop conducted by officers of the Washington County Sheriff's Office in which a male and female subject were arrested on violations of state law. The subjects, identified as Billy Jackson Woodlief, Jr, and Ashley S. Burke, were taken into custody on drug violations of the criminal code of the Commonwealth of Virginia. Deputy Sparks advised this deputy, that upon arrest, Burke advised that Woodlief had told her on multiple occasions that he was a U.S. Marshal and that he had threatened her and even placed a gun to her head. She further advised that he said as a U.S. Marshal he could kill anyone he wanted and threatened her on multiple occasions in which he directed her to undress and tied her to a bed and took photographs of her in said disposition. She advised she had kept copies of said photographs on Facebook Messenger accounts attached to sweetpunkie10@gmail.com and ashleywoodlief76@gmail.com.

    Based upon the aforementioned, Deputy Sparks requested of Burke to take her cellular device, to which she originally consented, but thereafter withdrew the same. Burke stated she did not want to to talk anymore to Deputy Sparks until such time as she spoke with a U.S. Marshal. Burke's was held without bond at the Southwest Virginia Regional Jail, Abingdon. Woodlief, Jr. was granted a bond. Burke's cellular device was placed in her jail property.

    On March 15, 2020, this deputy, accompanied by Deputy Sheriff Sparks, traveled to the Southwest Virginia Regional Jail in Abingdon, Virginia for the purpose of interviewing Ashley Burke, reporter and alleged victim of violations of Title 18, U.S.C. 912.

    On arrival, Ms.Burke was brought to an interview room within the jail, handcuffed in front, and asked to be seated. The interview was recorded on a USMS issued digital recorder and said recording will stand as the exact evidence of this interview.

    During said interview, this deputy identified himself to Ms. Burke and showed credentials associated with the same identification. This deputy then read Ms. Burke her Miranda warnings from a USM-309 Form, to which she signed and acknowledged, in writing, her receipt of the same, as well as a waiver to speak with law enforcement present. This document was witnessed by this deputy and Deputy Sparks.

    The interview began, as annotated in the recording, during which Ms. Burke articulated that her boyfriend, Billy Woodlief, had told her on several occasions, he was a U.S. Marshal and was conducting a human trafficking investigation. He had tied her up, while she was asleep, and taken nude photographs of her, which she advises he sold on the internet, and told her it was in relation to his credibility in his ongoing investigation. Ms. Burke was asked numerous questions, to which the answers were inconclusive as to validity, and was incensed when asked about persons providing her with narcotics, as she had articulated that she had been on drugs while the aforementioned was alleged. Ms. Burke further articulated that evidence of the photographs, and their transmission, as well as evidence of the crime she was alleging, could be found on her cellular device, housed in prisoner property at the jail, as well as two Facebook, Inc. accounts attached to email addresses sweetspunkie10@gmail.com AND ashleywoodleif76@gmail.com. Ms. Burke provided consent to view said accounts by providing the password. However, based upon the conclusion of the interview, no action has, or will be taken, to view the same without warrant for search. At the end of the interview, Ms. Burke asked for a lawyer, after being asked about who else had provided her narcotics, and immediately jumped up from the table and began moving aggressively. She was directed to sit down by this deputy, multiple times, as she was in custody. Once she said down, based upon her request for attorney, this deputy concluded the interview and called jail staff to resume custody of her from the interview room. Dates and times of interview are held within the recording.

    At the conclusion of the interview, Deputy Sparks advised your affiant that the property at the jail contained two cellular devices, placed into the same by Washington County staff. Based upon the articulations of Ms. Burke, that evidence of the underlying accusations of offense may be found on her cellular device, your affiant believes probable cause exists to seize the devices from the jail and further search the same for any evidence of the alleged crime.

_____   3-16-2020
Matthew Davis                          Date

Subscribed & sworn to before me this 16th day of March, 2020.

_____   3-16-2020
Pamela Meade Sargent, USMJ   Date

Reviewed by: 3/16/2020
M Suzanne Kennedy Annis
SAUSA, WDVA